## Emery Stanford Hall et al., Appellants, v. George Beidler et al., Appellees.

### Gen. No. 18,891.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

### Statement of the Case.

Action by Emery Stanford Hall and Frank Spencer Baker, suing as copartners under the name of Hall & Baker, against George Beidler and Michael S. Hyland, to recover commissions alleged to be due them as architects under a certain contract entered into between the plaintiffs and defendants. From a judgment for defendants upon a directed verdict, plaintiffs appeal.

BALDWIN & BARNES, for appellants.

WILLIAM J. LACEY, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

ARCHITECTS AND ENGINEERS, § 3*—*when contractors not jointly liable for commissions.* Architects entered into a contract with a partnership for commissions to be based upon $80,000 as the cost of a building. The contract contemplated that the defendants as partners should jointly let the contract for the building, but the contract was let for the erection of the building, to cost $130,000, by one of the defendants after the architects' services were discontinued and after defendants had dissolved partnership. *Held,* in an action by the architects against the defendants jointly for com-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

missions on the basis of the $130,000 costs, that a direction of a verdict for defendants was proper on the theory that the contract imposed no joint liability to pay commissions on the actual cost of the building in view of the fact that the contract for the structure was not a joint undertaking.

## Lillian Ullrich by William Ullrich, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,972.

1. **Damages,** § 110*—*when not excessive for personal injuries.* A verdict for five thousand five hundred dollars for personal injuries to a girl fifteen years of age caused by street cars, *held* not excessive, it appearing that she was practically confined to her bed for two years after the accident, that her abdomen was swollen and distended and that she was rendered a nervous wreck.

2. **Infants,** § 54*—*when judgment not erroneous as being in favor of next friend.* Where a father sues as next friend for his minor daughter, a judgment is not erroneous as being entered in favor of the next friend for the reason that the language of the judgment order is that plaintiff recover "his said damages * * * together with his costs," the defendant having treated the judgment as in favor of the minor on the appeal and the bond running to the minor.

3. **Infants,** § 66*—*when next friend not liable for costs.* A person suing as a next friend is not liable for costs in case the suit is decided against the plaintiff, where the bond for costs is signed by a stranger to the record and not joined in by the next friend.

4. **Witnesses,** § 45*—*when wife of next friend competent witness.* In an action by a next friend for personal injuries sustained by a minor, the wife of the next friend is competent to testify; the question as to the weight of her testimony, because of her interest as mother of the next friend, is for the jury.

5. **Evidence,** § 282*—*competency of statements in medical books.* It is well established that statements made in medical books are not competent evidence, and quotations therefrom should not be incorporated in questions asked of a medical witness in such a manner as to lead the jury to infer that the attorney propounding same is reading from such books.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.